UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSHUA PHILLIPS,                                              )
510 E. 84th St. #4C                                          )
New York, NY. 10028,                                         )
                                                             )
               PLAINTIFF,                                    )
        vs.                                                  )
                                                             )
DEPARTMENT OF HOMELAND                                       )
SECURITY                                                     )
245 Murray Lane, SW                                          )
Washington, DC 20528,                                        )
                                                             )
CUSTOMS AND BORDER PROTECTION                                )
245 Murray Lane SW                                           )
Washington, DC 20528,                                        )
                                                             )Civil Action No. _____
IMMIGRATION AND CUSTOMS                                      )
ENFORCMENT                                                   )
500 12th Street SW                                           )
Washington, DC 20536,                                        )
                                                             )
CITIZENSHIP AND IMMIGRATION                                  )
SERVICES                                                     )
20 Massachusetts Ave, NW                                     )
Washington, DC 20529,                                        )
                                                             )
DEPARTMENT OF HEALTH AND HUMAN                               )
SERVICES                                                     )
200 Independence Ave SW                                      )
Washington, DC 20201,                                        )
                                                             )
ADMINISTRATION FOR CHILDREN AND                              )
FAMILIES                                                     )
330 C Street, SW                                             )
Washington, DC 20201,                                        )
                                                             )
DEPARTMENT OF JUSTICE                                        )
950 Pennsylvania Ave NW,                                     )
Washington, DC 20530,                                        )
                                                             )
DEPARTMENT OF STATE                                          )
2201 C Street NW                                             )
Washington, DC 20520,                                        )

|  | ) |
| --- | --- |
| OFFICE OF MANAGEMENT AND | ) |
| BUDGET | ) |
| 725 17th Street NW | ) |
| Washington, DC 20503, | ) |
|  | ) |
| DEFENDANTS. | ) |
|  | ) |
|  | ) |

## COMPLAINT

<u>THE PARTIES</u>

1.      Joshua Phillips is a resident of the city and state of New York.

2.      Joshua Phillips is an award-winning investigative reporter, foreign correspondent, producer and freelance journalist. He focuses on human rights, national security, politics, the United States military and terrorism. His reporting has been published in the *Washington Post, Newsweek, The Atlantic, The Nation, Salon, the San Francisco Chronicle,* the *Atlanta Journal-Constitution, ProPublica, The Center for Investigative Reporting,* and the German television news program *ARD (Arbeitsgemeinschaft de öffentlich-rechtlichen Rundfunkanstalten der BRD).* among others. He has produced broadcast features for radio and television that have appeared on *NPR, BBC* and *Al Jazeera*.  He is author of the book "None of Us Were Like This Before" and holds a Master of Science in Journalism from Columbia University.

3.      The Department of Homeland Security ("DHS") is an agency of the U.S. government.

4.      Customs and Border Protection ("CBP") is a component of DHS.

5.      Immigration and Customs Enforcement ("ICE") is component of DHS.

6.      The U.S. Citizenship and Naturalization Service ("USCIS") is a component of DHS.

7.      The DHS Office of the Inspector General ("DHS OIG") is an office within DHS.

8.      The Department of Health and Human Services ("HHS") is an agency of the U.S. government.

9.      The Administration for Children and Families ("ACF") is a component of HHS.

10.     The Department of Justice ("DOJ") is an agency of the United States government.

11.     The DOJ Office of the Inspector General ("DOJ OIG") is an office within DOJ.

12.     The Department of State ("DOS") is an agency of the U.S. government.

13.     The DOS Office of Information Programs and Services ("IPS") is an office within DOS.

14.     The Office of Management and Budget ("OMB") is an agency of the U.S. government.

15.     DHS, CBP, ICE, USCIS, HHS, ACF, DOJ, DOS and OMB have possession, custody and control of the records sought by Plaintiff.

## JURISDICTION AND VENUE

16.     This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

17.     This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

18.     Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

19.     Plaintiff submitted two related FOIA requests to each named defendant regarding the treatment of alien minors in government detention facilities. The first FOIA request ("Request A") seeks information regarding the government's policies and practices on touching, consoling, holding or picking up unaccompanied alien minors, including instances of abuse. The

second FOIA request ("Request B") seeks information regarding the government's policies and practices of its "tender age" detention facilities, including instances of abuse.

## REQUESTS TO THE DEPARTMENT OF HOMELAND SECURITY

### Customs and Border Patrol

#### Request Nos. CBP-2018-076171 & CBP-2018-076172

20.     On June 21, 2018, Plaintiff submitted FOIA Request A and Request B to CBP. Plaintiff requested expedited processing and a fee waiver for each.

21.     By letter dated August 16, 2018, CBP acknowledged Plaintiff's the first of Plaintiff's two requests and assigned it tracking number CBP-2018-076171.

22.     By a second letter dated August 16, 2018, CBP acknowledged Plaintiff's second of the two requests and assigned it tracking number CBP-2018-076172.

23.     CBP's formal response to case numbers CBP-2018-076171 and CBP-076172 was due twenty business days after it received Plaintiff's June 21, 2018 request. CBP's responses were therefore due on or around July 20, 2018.

24.     More than twenty days have elapsed since Plaintiff submitted Request No. CBP-2018-076171 and CBP-2018-076172. Plaintiff has not received a final response from CBP or DHS on whether it will produce the requested records.

25.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to cases CBP-2018-076171 and CBP-076172 because CBP has failed to comply with the statutory time limit.

### Immigration and Customs Enforcement

#### Request Nos. 2018-ICFO-52423 & 2018-ICFO-55438

26.     On June 29, 2018, Plaintiff submitted FOIA Request A and Request B to ICE.

Plaintiff requested expedited processing and a fee waiver for each.

27.     By letter dated July 25, 2018, ICE acknowledged the first of Plaintiff's two requests and assigned it tracking number 2018-ICFO-52423. The letter further invoked a ten-day extension of its response period.

28.     By a second letter dated that same day, July 25, 2018, ICE granted Plaintiff's request for expedited processing of 2018-ICFO-52423.

29.     By letter dated August 12, 2018, ICE acknowledged the second of Plaintiff's two requests and assigned it tracking number 2018-ICFO-55438. The letter further invoked a ten-day extension of its response period.

30.     ICE's formal responses to case numbers 2018-ICFO-52423 and 2018-ICFO-55438 were due thirty days after it received Plaintiff's Requests A and B. ICE's formal responses were therefore due on or around August 11, 2018.

31.     More than thirty days has elapsed since Plaintiff submitted Request Nos. 2018-ICFO-52423 and 2018-ICFO-55438. Plaintiff has not received a final response from ICE on whether it will produce the requested records for either request, or whether it will grant a fee waiver for either request.

32.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to cases 2018-ICFO-52423 and 2018-ICFO-55438 because ICE has failed to comply with the statutory time limit.

### U.S. Citizenship and Immigration Services

Request No. COW2018000805

33.     On June 29, 2018, Plaintiff submitted FOIA Request A and Request B to USCIS. USCIS. Plaintiff requested expedited processing and a fee waiver for each.

34.     That same day on June 29, 2018, USCIS sent a courtesy reply that stated a formal acknowledgement will be sent in the future.

35.     In or around July, 2018, USCIS acknowledged Plaintiff's two requests and assigned them a combined tracking number COW2018000805.

36.     On July 24, 2018, Plaintiff conferred with USCIS by telephone and in good faith agreed to exclude the search of individual alien files from his request. USCIS confirmed the parties' discussion via email. Plaintiff's understands that USCIS combined the two requests into one.

37.     USCIS's formal responses to case number COW2018000805 was due twenty days after it received Plaintiff's Requests A and B. USCIS's formal responses were therefore due on or around July 30, 2018.

38.     More than twenty business days have elapsed since Plaintiff submitted Request No. COW2018000805. As of the filing of this Complaint, USCIS has not issued a decision on whether to release the requested records, grant the fee waiver or grant the request for expedited processing.

39.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to case COW2018000805 because USCIS has failed to comply with the statutory time limit.

### DHS Office of the Inspector General

Request No. 2018-IFGO-00160

40.     On June 29, 2018, Plaintiff submitted FOIA Request A and Request B to DHS OIG. Plaintiff requested expedited processing and a fee waiver for each.

41.     By letter dated July 13, 2018, DHS OIG acknowledged Plaintiff's two

requests and assigned them tracking number 2018-IFGO-00160. The letter denied his request for

expedited processing and deferred its decision on his fee waiver until a later date. The agency

also invoked a ten-day extension to respond to Plaintiff's request.

42.     DHS OIG's formal responses to case number 2018-IFGO-00160 was due thirty

days after it received Plaintiff's Requests A and B. DHS OIG's formal response was therefore

due on or around August 13, 2018.

43.     More than thirty business days have elapsed since Plaintiff submitted Request No.

2018-IFGO-00160. Plaintiff has not received a final response from DHS or DHS OIG on

whether it will release the requested records or grant the fee waiver.

44.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his

administrative remedies with regard to case 2018-IFGO-00160 because DHS OIG has failed to

comply with the statutory time limit.

### REQUESTS TO HEALTH AND HUMAN SERVICES

#### Request No. 2018-01222-FOIA-OS:

45.     On June 29, 2018, Plaintiff electronically submitted FOIA Request A and Request

B to HHS. Plaintiff requested expedited processing and a fee waiver for each.

46.     By letter dated July 10, 2018, HHS acknowledged Plaintiff's two requests

and assigned them tracking number 2018-01222-FOIA-OS. The letter indicates that HHS

received Plaintiff's requests on July 5, 2018 and that they were forwarded to the Administration

for Children and Families ("ACF").

47.     ACF's formal responses to case number 2018-01222-FOIA-OS was due

twenty days after it received Plaintiff's Requests A and B. Even assuming HHS did not receive the electronic requests until six days after Plaintiff transmitted them, ACF's formal response was due on or around July 30, 2018.

48.     More than twenty days have elapsed since Plaintiff submitted Request No. 2018-01222-FOIA-OS. Plaintiff has not received a final response from HHS or ACF on whether it will produce the requested records, grant expedited processing or grant the requested fee waiver sought for each of Plaintiff's two requests.

49.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to case 2018-01222-FOIA-OS because HHS and ACF has failed to comply with the statutory time limit.

## REQUESTS TO THE DEPARTMENT OF JUSTICE

Request Nos. DOJ-2018-006498 (AG) & DOJ-2018-06499 (OLP):

50.     On July 2, 2018, Plaintiff electronically submitted FOIA Request A and Request B to DOJ. Plaintiff requested expedited processing and a fee waiver in each.

51.     By letter dated July 19, 2018, DOJ's Office of Information Policy ("OIP") acknowledged the two requests and assigned them case numbers DOJ-2018-006498 (AG) & DOJ-2018-06499 (OLP), respectively. Therein, OIP defers its decisions on the requests for expedited processing and the fee waiver. The letter states that Plaintiff's request falls within "unusual circumstances" and invokes an extension of unspecified length assumed by Plaintiff to be ten days.

52.     By email dated July 19, 2018 and upon OIP's request, Plaintiff authorized OIP to combine the requests into one for search purposes.

53.     DOJ OIP's formal responses to case numbers DOJ-2018-006498 (AG) & DOJ-

2018-06499 (OLP) were due thirty days after it received Plaintiff's Requests A and B. DOJ

OIP's formal responses were therefore due on or around August 14, 2018.

54.     More than thirty days have elapsed since Plaintiff submitted Request Nos. DOJ-

2018-006498 (AG) and DOJ-2018-06499 (OLP). Plaintiff has not received a final decision on

whether the agency will release the records or grant the requests for expedited processing and fee

waiver.

55.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his

administrative remedies with regard to cases DOJ-2018-006498 (AG) & DOJ-2018-06499 (OLP)

because DOJ has failed to comply with the statutory time limit.

<u>Request Nos. DOJ-2018-006500 (AG) & DOJ-2018-006501 (OLP)</u>

56.     On July 2, 2018, Plaintiff electronically submitted FOIA Request A and Request

B to DOJ. Plaintiff requested expedited processing and a fee waiver for each.

57.     By letter dated July 19, 2018, DOJ OIP acknowledged Plaintiff's requests,

assigned them case numbers DOJ-2018-006500 (AG) and DOJ-2018-006501 (OLP) and deferred

its decision on Plaintiff's request for expedited processing and a fee waiver. The letter states that

Plaintiff's request falls within "unusual circumstances" and invokes an extension of unspecified

length, assumed by Plaintiff to be ten days.

58.     DOJ OIP's formal responses to case numbers DOJ-2018-006500 (AG) and DOJ

2018-006501 (OLP) were due thirty days after it received Plaintiff's Requests A and B. DOJ

OIP's formal responses were therefore due on or around August 14, 2018.

59.     More than thirty days have elapsed since Plaintiff submitted Request Nos. DOJ-

2018-006500 (AG) and DOJ-2018-006501 (OLP). The agency has not issued a decision on whether it will release the records or grant Plaintiff's requests for expedited processing and a fee waivers.

60.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to cases DOJ-2018-006500 (AG) and DOJ-2018-006501 (OLP) because DOJ has failed to comply with the statutory time limit.

## DOJ OIG

### Request No. 18-OIG-393

61.     On June 29, 2018, Plaintiff submitted FOIA Request A and Request B to DOJ. Plaintiff's request contained a request for expedited processing and a request for a fee waiver.

62.     By letter dated July 6, 2018, DOJ OIG acknowledged Plaintiff's requests and assigned them a combined tracking number 18-OIG-393. The letter did not state a decision on Plaintiff's request for processing or his request for a fee waiver.

63.     DOJ OIG's formal responses to case number 18-OIG-393 was due twenty days after it received Plaintiff's Requests A and B. DOJ OIG's formal response was therefore due on or around July 30, 2018.

64.     More than twenty days have elapsed since Plaintiff submitted Request No. 18-OIG-393. Plaintiff has not received a final response from DOJ or DOJ OIG on whether it will release the requested records, grant expedited processing or waive fees.

65.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to case 18-OIG-393 because DOJ has failed to comply with the statutory time limit.

## REQUESTS TO THE DEPARTMENT OF STATE

### Request Nos. F-2018-05082 & F-2018-05083

66.     On July 2, 2018, Plaintiff submitted FOIA Request A and Request B to DOS. Plaintiff requested expedited processing for each.

67.     By letter dated July 27, 2018, DOS acknowledged the Plaintiff's Request A, assigned it tracking number F-2018-05082 and denied Plaintiff's request for expedited processing. The letter also indicates that Plaintiff's request was forwarded to DOS Office of Information Processing Services ("IPS") for processing on July 10, 2018.

68.     By a second letter dated July 27, 2018, DOS acknowledged Plaintiff's Request B, assigned it tracking number F-2018-05083 and denied Plaintiff's requests for expedited processing. The letter also indicates that Plaintiff's request was forwarded to DOS Office of Information Processing Services ("IPS") for processing on July 10, 2018.

69.     DOS's formal responses to case numbers F-2018-05082 and F-2018-05083 were due twenty days after it received Plaintiff's Requests A and B. DOS's formal response was therefore due on or around July 31, 2018.

70.     More than 20 days have elapsed since Plaintiff filed Requests A and B. As of the filing of this Complaint, Plaintiff has not received a final response from DOS IPS as to whether it will produce the requested records for either request.

71.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to cases F-2018-05082 and F-2018-05083 because DOS has failed to comply with the statutory time limit.

## REQUESTS TO THE OFFICE OF MANAGEMENT AND BUDGET

### Request Nos. 2018-428 & 2018-429

72.     On June 29, 2018, Plaintiff submitted FOIA Request A and Request B to OMB. Plaintiff requested expedited processing and a fee waiver for each.

73.     By email dated July 3, 2018, OMB acknowledged Plaintiff's Requests A and B, assigned them tracking numbers 2018-428 and 2018-429, respectively. The letter did not address Plaintiff's requests for expedited processing or fee waivers.

74.     OMB's formal responses to case numbers 2018-428 and 2018-429 were due twenty days after it received Plaintiff's Requests A and B. OMB's formal response was therefore due on or around July 30, 2018.

75.     More than 20 days have elapsed since Plaintiff filed Requests A and B. As of the filing of this Complaint, Plaintiff has not received a final response from OMB on whether it will produce the requested records for either request, grant expedited processing or grant the requested fee waivers.

76.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to cases 2018-428 and 2018-429 because OMB has failed to comply with the statutory time limit.

### COUNT I:
### VIOLATION OF FOIA

77.     This Count realleges and incorporates by reference all of the preceding paragraphs.

78.     All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

79.     Each of Defendants DHS, CBP, ICE, USCIS, HHS, ACF, DOJ, DOS and OMB

have improperly withheld responsive records in violation of FOIA.

80.     Plaintiff is and continues to be irreparably harmed until Defendants produce the records requested by Plaintiff.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully request that this Court:

(1) Declare Defendants' failures to comply with FOIA to be unlawful;

(2) Order Defendants to grant Plaintiff's requests for fee waivers;

(3) Order Defendants to immediately process Plaintiffs' FOIA requests;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Dated: April 2, 2019.

Respectfully Submitted,

    /s/ Joseph Creed Kelly
Joseph Creed Kelly [DC 980286]
Law Office of Joseph Creed Kelly
1712 Eye Street NW
Suite 915
Washington, DC 20006
Ph/Fx: (202) 540-9021
jck@jcklegal.com

*Counsel for Plaintiff Joshua Phillips*