UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSHUA PHILLIPS,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

    *Defendants*.

Civil Action No. 1:19-cv-0928 (CJN)

**MEMORANDUM OPINION**

The only remaining issue in this FOIA case is whether the government is properly withholding videos of two interviews of alien detainees as part of the government's investigation into allegations of sexual abuse of detainees in CBP detention facilities. The Court concludes that the withholdings are appropriate and thus grants the government's Motion for Summary Judgment, ECF No. 26.

### I.    Background

In July 2018, Plaintiff submitted a FOIA request to the Department of Homeland Security, its various component agencies (including CBP), and other government departments seeking documents related to the treatment of alien minors in government detention facilities. *See* Complaint, ECF No. 1 at 3; *see also* Declaration of Patrick Howard ("Howard Decl."), ECF No. 26-1 at 2. As part of its production, CBP released to Plaintiff 654 pages of documents with redactions, as well as three videos (with blurred faces and without audio). *Id*. CBP also withheld 142 pages of records. Plaintiff does not challenge the adequacy of CBP's search, the withholding of documents, or the redactions of either the documents or the three produced videos. *Id*. at 3.

But CBP also withheld two video interviews (both of alien detainees), and Plaintiff challenges those withholdings. The first video, dated May 16, 2018, involved an interview with a detainee who alleged that he had been drugged and sexually abused while in CBP custody. *Id*. at 4. In the video, the detainee declined to make a statement each time he was asked by criminal investigators to explain what happened. *Id*. at 4–5. When investigators reviewed video footage of the detainee's "entire time in his holding cell," they found that the "footage revealed no evidence of [the detainee's] sexual assault allegation." *See* Jul. 3, 2018 Report of Investigation, ECF No. 26-1 at 79.

The second video, dated February 6, 2019, involved an interview with a minor detainee who alleged that he had been sexually assaulted by another minor detainee multiple times. *See* Apr. 6, 2019 Report of Investigation, ECF No. 26-1 at 90. During the relevant interview, the detainee retracted most of his testimony. *Id*. In both cases, CBP ultimately made no referral for prosecution. And although CBP withheld the two videos, it did produce to Plaintiff redacted copies of the respective Reports of Investigation, which contained detailed summaries of the interviews. *See* Howard Decl., ECF No. 26-1 at 8.

Here, CBP justifies withholding both videos under FOIA Exemptions 6 and 7(C), arguing that disclosure of the videos would constitute an invasion of the detainees' and investigators' privacy interests. *See* ECF No. 26 at 4–5. CBP also argues that it is impossible to segregate the exempt portions of the videos from the non-exempt portions. *Id*. at 14–15.

Plaintiff does not challenge CBP's assertion of privacy or law enforcement interests, but does challenge the position that exempt portions cannot be segregated from non-exempt portions. *See* ECF No. 27 at 2. Plaintiff suggests that CBP can redact the voices and images of individuals to remove information protected by Exemptions 6 and 7(C). *Id*. This would be consistent, Plaintiff

argues, with the way in which the government redacted the three videos it previously produced to him.

## II.  Analysis

As noted above, Plaintiff concedes that portions of the withheld videos are subject to Exemptions 6 and 7(C).  The only question, then, is whether the non-exempt portions can be segregated from the exempt.  The Court agrees with the government that they cannot.

Relying on the redacted videos that CBP already produced to him (which show certain alien detainees waiting in a holding room with blurred faces and no audio), Plaintiff argues that CBP could similarly redact the two interview videos to leave what Plaintiff calls "non-lexical" information—such as video showing the movements of the detainees and interviewers, their reactions, and general emotional states.  *Id*. at 7.  Plaintiff alternatively argues that the videos could be released with voice modulation (to mask the participants' voices) and the deletion of any statements that might identify the participants.  *Id*. at 8.

CBP responds that Plaintiffs' proposed steps would be severely burdensome and would result in videos that convey no useful information.  *See* ECF No. 29 at 6.  According to CBP, it would take 75 to 150 hours to create the "non-lexical" version suggested by Plaintiff, and the result would be videos showing only "images of people seated, which is not responsive to the FOIA request."  ECF No. 29 at 7.  As for voice modulation, CBP argues doing so would constitute the "creation" of a new record, which it is not required to do, and since one of the interviews was conducted in Spanish, CBP would have to translate the video into English to know which audio portions to delete and which to keep.  *Id*.

These steps, the Court concludes, would go well beyond reasonable efforts to segregate exempt portions of the videos from the non-exempt.  Even if Plaintiff were correct that a video that blurred the individuals' faces and muted the audio might still convey the detainees' emotional

state, it is unclear that that information would be responsive to the FOIA request—and in any event, that marginal information would be substantially outweighed by the excessive costs of redaction.  *See* 5 U.S.C. § 552(b) (requiring agencies to only release "[a]ny *reasonably* segregable portion of a record") (emphasis added); *see also Mead Data Cen. Inc. v. U.S. Dep't of Air Force*, 566 F.2d at 261, n.55 (D.C. Cir. 1977) (holding that a court may decline to order an agency to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content").  As for the voice modulation alternative proposed by Plaintiff, that would require creating an essentially new record at substantial effort and expense.  These significant costs must also be considered in light of the fact that CBP has produced redacted Reports of Investigation that describe in detail the most relevant parts of the investigations that Plaintiff and the public would have a reasonable interest in learning.

\*          \*          \*

For the foregoing reasons, the Court grants Defendant's Motion for Summary Judgment, ECF No. 26.  An appropriate order will accompany this opinion.

DATE:  March 22, 2024

_____
CARL J. NICHOLS
United States District Judge